United States District Court
Southern District of Texas
**ENTERED**
June 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **JAIME LUEVANO,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Case No. 6:21-CV-00023 |
| § | |
| **MEDICAL OFFICES,** § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Petitioner Jaime Luevano, a Texas inmate appearing *pro se*, has filed a document entitled "Emergency Writ of Mandamus to Compel Filing." (Dkt. No. 1). While difficult to decipher, Luevano appears to ask the Court to transfer him to a prison unit within the Galveston Division of the Southern District of Texas because he is unable to obtain proper medical care at his current prison unit. Luevano did not pay the filing fee.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule set forth in Section 1915(g). This rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *See Coleman v. Tollefson*, 575 U.S. 532, 537–40, 135 S.Ct. 1759, 1763–64, 191 L.Ed.2d 803 (2015). Section 1915(g) also precludes prisoners from proceeding *in forma pauperis* in mandamus actions stemming from civil rights claims. *See In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (holding that, where the underlying action is civil in nature, a mandamus action is governed by the PLRA and the three-strike provision).

Court records reflect that Luevano has a lengthy history of filing frivolous actions in the federal district courts that were dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Luevano v. Region Directors*, No. 4:12-cv-1022 (S.D. Tex. Apr. 10, 2012); *Luevano v. U.S. Dist. Cts. Of Texas*, No. 6:11-cv-203 (E.D. Tex. May 23, 2011); *Luevano v. Connally Unit*, No. 5:10-cv-831 (W.D. Tex. Oct. 26, 2010); *Luevano v. Texas Supreme Ct.*, No. 5:09-cv-434 (W.D. Tex. June 5, 2009); *Luevano v. Casey*, No. 3:09-cv-583 (M.D. Pa. May 27, 2009); *Luevano v. U.S. Supreme Ct. Clerks*, No. 1:09-cv-71 (D.D.C. Jan. 13, 2009); *Luevano v. Boykin*, No. 5:08-cv-1844 (N.D. Ohio Oct. 31, 2008); *Luevano v. Richardson*, No. 1:08-cv-781 (D.N.M. Oct. 1, 2008); *Luevano v. Clinton*, No. 2:08-cv-1360 (N.D.N.Y. Apr. 4, 2008); *Luevano v. Board of Disciplinary Appeals*, No. 5:08-cv-107 (W.D. Tex. March 20, 2008).

As a result of his frivolous and abusive filings, Luevano has been sanctioned more than once by the courts in the Western District of Texas. *See Luevano v. Office of Inspector General*, No. 5:11-cv-131 (W.D. Tex. Feb. 28, 2011) (imposing a $100.00 sanction and barring further civil actions until that amount is paid); *Luevano v. United States District Judge of Abilene, Tex.*, No. 6:12-cv-49 (W.D. Tex. Mar. 5, 2012) (imposing an additional $100.00 sanction, barring further civil actions, and directing Luevano to disclose his litigation history with any attempt to open a new case "in any United States District Court"). Luevano has likewise been sanctioned by District Judge Nancy F. Atlas in this Court. *See Luevano v. State of Texas*, 4:12-cv-03775, Dkt. No. 3 (listing the sanctions previously imposed against Luevano, imposing new sanctions in the amount of $350.00, and entering a preclusion order against him). As a result of Judge Atlas's order, Luevano is barred from filing "any civil action, petition or complaint in this district without written permission from a judicial officer" until all sanctions are paid. (*Id.* at 5).

This mandamus petition is Luevano's first attempt to file a case in the Corpus Christi Division of this Court. Court records show that, to date, the sanctions imposed against Luevano have not been satisfied. Luevano provides nothing to indicate he has attempted either to satisfy any of the sanctions imposed against him or to obtain proper written consent to file this action. In view of Luevano's lengthy record of abusive filings, the Court will not grant him permission to proceed and will instead dismiss this case as barred by the sanctions imposed against him previously. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

Accordingly, **IT IS ORDERED** that Luevano is **BARRED** from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g) and for his failure to pay previously-assessed sanctions and obtain the requisite written permission from a judicial officer to file this action. This action is hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Luevano is assessed an additional sanction in the amount of **$100.00** for continuing to attempt to circumvent the § 1915(g) bar and for failing to comply with previous court orders. Luevano is admonished that any further attempts to circumvent the § 1915(g) bar and/or to fail to comply with this Order may result in further sanctions being imposed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not accept any future civil actions, petitions, or complaints submitted by Luevano for filing, either directly or indirectly by transfer, unless he shall have first satisfied all sanctions and obtained prior written consent to proceed from a judicial officer.

The Clerk of Court is directed to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case.

It is so ORDERED.

Signed on June 14, 2021.

                                              **DREW B. TIPTON**
                                  **UNITED STATES DISTRICT JUDGE**